UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| DEJUAN SCOTT, | ) | |
|---|---|---|
| | ) | Case No. 1:20-cv-306 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| CORE CIVIC, WARDEN DEAL, and | ) | |
| MEDICAL ADMINISTRATOR DR. | ) | |
| REAGAN, | ) | |
| | | |
| *Defendants*. | | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner confined in CCA Silverdale, has filed a *pro se* complaint for violation of 42 U.S.C. § 1983 (Doc. 2) and a motion for leave to proceed *in forma pauperis* (Doc. 1). For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (*Id.*) will be **GRANTED**, and he will have thirty days from the date of entry of this order to file an amended complaint.

I. **FILING FEE**

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* (*Id.*) that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (*Id.*) will be **GRANTED**.

Because Plaintiff is an inmate of CCA Silverdale, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Street, Chattanooga, Tennessee 37402 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly

deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe *pro se* pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## III. COMPLAINT ALLEGATIONS

Plaintiff has hidradenitis suppurativa, an autoimmune skin condition. (Doc. 2, at 3.) Because of this condition, he was transferred from the Hamilton County Jail to CCA Silverdale so that he could receive adequate medical care. (*Id.* at 3–4.) On August 7, 2020, he was sent from CCA Silverdale to the hospital to receive dressings on unhealed wounds and treatment for infected wounds. (*Id.* at 4.) However, after he returned from the hospital, he did not receive the medications or wound dressing changes that the hospital doctor ordered for him. (*Id.*) Also, due to a jail staffing shortage, he was not taken to the hospital for a treatment a few weeks ago. (*Id.* at 4–5.) Plaintiff has sued Core Civic (which he states is the entity that operates CCA Silverdale), Warden Deal, and Medical Administrator Dr. Reagan (*Id.* at 1, 3, 4), and seeks injunctive and monetary relief. (*Id.* at 6.)

## IV. ANALYSIS

First, while Plaintiff has sued Defendants Warden Deal and Medical Administrator Dr. Reagan, he does not set forth any facts from which the Court can plausibly infer that these Defendants were personally involved in any alleged deprivation of medications or medical

3

procedures such that they might be liable for those incidents under § 1983. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond to or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior).

Also, while Plaintiff states that on one occasion, he was not taken to the hospital for treatment due to a CCA Silverdale staffing shortage, he does not set forth any facts from which the Court can plausibly infer that this staffing shortage was due to Defendant Core Civic's custom or policy, as is required for Defendant to be liable for that staffing shortage under § 1983. *O'Brien v. Mich. Dep't of Corrs.*, 592 Fed. App'x 338, 341 (6th Cir. 2014) (holding that an entity contracted to perform traditional state functions "may be liable under § 1983 only if its official policies or customs resulted in injury to the plaintiff").

Nevertheless, the Court will allow Plaintiff thirty (30) days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth each alleged violation of his constitutional rights and the individual(s) and/or entity(ies) responsible for each such violation.[1] *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to Plaintiff's original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint that were not set forth in the original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

complaint is subject to dismissal under the PLRA"). If Plaintiff is unable to name an individual he seeks to hold responsible for a constitutional violation due to not knowing his or her name, he shall name the person as Jane or John Doe and a description of their position, for example "John Doe Correctional Officer" or "Jane Doe Medical Provider."

## V. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

6. Plaintiff has thirty (30) days from the date of entry of this order to file an amended complaint in the manner set forth above;

7. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace the previous complaint;

8. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**