UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DEJUAN SCOTT,<br><br>    *Plaintiff*,<br><br>v.<br><br>CORE CIVIC, WARDEN DEAL, and<br>MEDICAL ADMINISTRATOR DR.<br>REAGAN,<br><br>    *Defendants*. | Case No. 1:20-cv-306<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Christopher H. Steger |

**MEMORANDUM AND ORDER**

This is a prisoner's *pro se* complaint for violation of 42 U.S.C. § 1983 (Doc. 2). Now before the Court is Plaintiff's amended complaint (Doc. 5), which he filed in accordance with the Court's order (Doc. 4). For the reasons set forth below, this action will proceed only against Warden Deal and Medical Examiner Dr. Reagan for Plaintiff's claims for violation of the Eighth Amendment.

**I.    SCREENING STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the

language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II.  COMPLAINT ALLEGATIONS

On August 7, 2020, Plaintiff was transported to the hospital for surgery on his abdomen and back (Doc. 5, at 3–4). The doctor at the hospital ordered Plaintiff to stay at the hospital for three days after this procedure, but Defendant Warden Deal directed staff to return him to the jail on August 8, 2020, due to a lack of available CoreCivic staff (*Id.* at 4). This caused Plaintiff not to receive appropriate follow-up care, for which Plaintiff filed an informal resolution on August 10, 2020, but he never received a response (*Id.* at 4–5). According to Plaintiff, this lack of response was due to Defendant Warden Deal's failure to supervise and direct his staff, and Plaintiff's inability to obtain complete medical care caused Plaintiff mental trauma (*Id.* at 5).

Specifically, the hospital doctor ordered that Plaintiff receive doxycycline and a medication called Flexaril for his pain and discontinued Plaintiff's prednisone due to the

2

doxycycline (*Id.*).  Plaintiff does not allege that he did not receive Flexaril, but states that Defendant Dr. Reagan ordered that Plaintiff continue to receive prednisone with his doxycycline despite the hospital doctor ordering the discontinuation of the prednisone, and this resulted in flare ups in his condition (*Id.*).  Defendant Dr. Reagan also ordered the removal of a "penn roll and drainage tube" that the hospital doctor had placed on Plaintiff, which also caused him to experience flare ups that led to internal bleeding and increased pain and infection in the surgical area (*Id.*).  It also led to a buildup of fluid on his spine, which caused him pain and discomfort (*Id.*).

Also, Defendant Warden Deal failed to authorize and/or provide adequate transportation staff for Plaintiff's follow-up care appointment with Surgical Care Associates on September 17, 2020, and Defendant Dr. Reagan cancelled and/or did not authorize that appointment (*Id.* at 6).  Plaintiff's condition worsened in those weeks, but he returned to Surgical Care Associates on October 9, 2020, at which time Defendant Dr. Reagan did not answer or return phone calls from that office to her, and the medical provider there told Plaintiff that Defendant Dr. Reagan's decision to remove the "penn roll and drainage tube" had caused Plaintiff increased infection and pain (*Id.* at 6–7).  Also, at that appointment, the medical provider at Surgical Care Associates provided Plaintiff dissolving stitches and a higher doxycycline dosage and recommended that Plaintiff see a dermatologist (*Id.* at 6).  However, Plaintiff does not think that Defendant Dr. Reagan has approved that dermatology appointment, Plaintiff's skin conditions have worsened, and Defendant Dr. Reagan did not treat Plaintiff in the weeks after this appointment (*Id.*).

Plaintiff put in a sick-call request on October 27, 2020, for blood clots and an infection, but Defendant Dr. Reagan cancelled that appointment on October 28, 2020 (*Id.* at 7).  Plaintiff then placed more sick calls on October 28, October 29, November 2, and November 3, but

Defendant Dr. Reagan again cancelled them on the days after the requests, and Plaintiff has experienced pain due to this (*Id.*).

Plaintiff has sued CoreCivic, Defendant Warden Deal, and Defendant Dr. Reagan (*Id.* at 1). As relief, Plaintiff seeks appropriate medical care and medications, monetary damages, and an order requiring CoreCivic to provide and supervise transportation to and from medical providers and specialists, and to provide medications (*Id.* at 8).

### III. ANALYSIS

First, while Plaintiff states that on one occasion he was taken from the hospital due to a CoreCivic staffing shortage and that Defendant Dr. Reagan has failed to provide him certain care, he does not set forth any facts from which the Court can plausibly infer that these incidents were due to Defendant CoreCivic's custom or policy, as required for this Defendant to be liable under § 1983. *O'Brien v. Mich. Dep't of Corrs.*, 592 Fed. App'x 338, 341 (6th Cir. 2014) (holding that an entity contracted to perform traditional state functions "may be liable under § 1983 only if its official policies or customs resulted in injury to the plaintiff"). Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant CoreCivic, and it will be **DISMISSED**.

Further, as Plaintiff had no constitutional right to an effective grievance procedure and liability under § 1983 cannot be premised on the theory of respondeat superior, his allegation that jail employees failed to respond to his informal grievance due to Defendant Warden Deal's failure to supervise or direct them fails to state a claim upon which relief may be granted under § 1983. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Everson v. Leis*, 556

F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (holding that a prisoner has "no inherent constitutional right to an effective prison grievance procedure").

As set forth above, Plaintiff's remaining allegations are that (1) Defendant Warden Deal ordered that Plaintiff return to the jail from the hospital in violation of the hospital doctor's order stating that Plaintiff should stay in the hospital three more days; (2) jail staff did not take Plaintiff to a follow-up appointment scheduled in September 2020 due to Defendant Warden Deal failing to authorize and/or provide adequate transportation staff and/or Defendant Dr. Reagan cancelling and/or not authorizing that appointment; and (3) Defendant Dr. Reagan did not provide Plaintiff with follow-up medical care in accordance with what the hospital doctor had ordered, did not respond to the Surgical Associates medical provider's phone calls, and cancelled a number of Plaintiff's requests for medical care. As the Court can plausibly infer that Defendants Warden Deal and/or Dr. Reagan may have deliberately delayed or denied Plaintiff medical care in a manner that violated Plaintiff's Eighth Amendment rights based on these allegations, these claims will proceed against these Defendants.

## IV. CONCLUSION

For the reasons set forth above:

1. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to CoreCivic, and this Defendant is **DISMISSED**;

2. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for each remaining Defendant;

3. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of entry of this order;

4. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

5

5. Service on Defendants shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

6. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action will be dismissed;

7. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against him; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**