# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| DEJUAN SCOTT, ) | |
| ) | Case No. 1:20-cv-306 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| WARDEN DEAL and MEDICAL ) | |
| ADMINISTRATOR DR. REAGAN, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION

This is a prisoner's *pro se* complaint for violation of 42 U.S.C. § 1983. On April 12, 2021, the Court entered an order screening Plaintiff's amended complaint, allowing only Plaintiff's Eighth Amendment claims against Defendants Warden Deal and Medical Administrator Dr. Reagan to proceed, and providing Plaintiff twenty days to return completed service packets for these Defendants. (Doc. 6, at 2–6.) This order also notified Plaintiff that failure to timely return the completed service packets may result in dismissal of this matter. (*Id.* at 6.) However, Plaintiff has not returned completed service packets for the remaining Defendants, and his time for doing so has passed. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely return completed service packets was due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff received the Court's screening order but chose not to comply or otherwise communicate with the Court. Also, if Plaintiff did not receive the Court's screening order because he failed to update the Court as to his current address, any such omission likewise is due to Plaintiff's willfulness or fault, as the Court previously warned him of the requirement that he notify the Court of any address change within fourteen days. (Docs. 3; 4, at 5.) As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants, as they have not been served. As to the third factor, as noted above, the Court's screening order warned Plaintiff that failure to timely return completed service packets would result in dismissal of this action (Doc. 6, at 6) and the Court previously warned Plaintiff that failure to timely notify the Court of any address change may result in dismissal (Doc. 3). Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff is proceeding *in forma pauperis* herein and has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991).

Nothing about Plaintiff's *pro se* status prevented him from complying with the Court's screening order (Doc. 5), and Plaintiff's *pro se* status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**